FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHIGNTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY VARELA,<br><br>Defendant. | No. 2:17-PO-00128-JTR-1<br><br>ORDER DENYING MOTION TO RECONSIDER<br><br>**MOTION DENIED**<br>**(ECF No. 17)** |

    Before the Court is Defendant's Motion to Reconsider Postponing Trial Until Government's Intern Completes an Evidence Course. ECF No. 17. Defendant requests this Court reconsider its earlier ruling in favor of continuing the trial date to a time after the legal intern for the United States' has completed a course in evidence. ECF No. 15.

    For over a century, it has been well settled law that the decision to continue a trial is within the broad discretion of the trial court. *Isaacs v. United States*, 159 U.S. 487, 489 (1895) ("That the action of the trial court upon an application for a continuance is purely a matter of discretion . . . is settled by too many authorities to be now open to question"). A reviewing court will not disturb a trial court's decision to continue absent a showing of abuse of discretion. *United States v. Walter-Eze*, 869 F.3d 891, 907 (9th Cir. 2017).

ORDER - 1

Defendant now asks this Court to revisit its earlier decision based on alleged Sixth Amendment speedy trial and right to counsel violations. Defendant's motion is denied for the following reasons:

First, as Defendant acknowledges in his motion, the Speedy Trial Act of 1974 does not apply to petty offense cases. *See* 18 U.S.C. § 3172(2); *United States v. Nickerson*, 731 F.3d 1009, 1014 (9th Cir. 2013). Nevertheless, Defendant has a right to a speedy trial under the Sixth Amendment. *Barker v. Wingo*, 407 U.S. 514, 519 (1972). To determine if a violation of the Sixth Amendment's right to a speedy trial has occurred, the Court must weigh the following four factors in light of the facts and circumstances of the case: 1) the length of delay, 2) the reason for delay, 3) defendant's assertion of his right, and 4) prejudice to the defendant. *Id*. at 530.

The length of delay here is minimal. Defendant requested that the hearing be continued to March or April, and the United States requests the trial occur in late May. The difference between the two proposed dates is, at most, two months, and cannot be considered an undue delay under the Sixth Amendment. Even if the trial is set as late as June, Defendant will still have his trial within a year of being charged in the instant matter – such a timeframe is remarkably fast in today's legal climate.

Second, the delay is not unreasonable. The reason for this delay is to allow the government to be represented by the intern who, like Defendant's counsel, is most familiar with the facts and circumstances of the case. There is no right for an intern to practice in federal court, or for a defendant to be represented by an intern. Assuming consent of a defendant and the presence of supervising attorney, the circumstances under which an intern may appear in a Petty Offense in federal court is within the broad discretion of the trial judge.

Third, Defendant is afforded the speedy trial he demands. For the reasons above, there is no undue delay in having a trial two months later than Defendant

ORDER - 2

would prefer. The length of the delay time is too minimal to rise to the level of a Constitutional speedy trial violation.

Fourth, Defendant asserts no legal prejudice. Defendant argues that he is prejudiced by the delay because the legal intern working on his case, Mr. Bandiero, will no longer work for the Federal Defenders Office after May 11, 2018. However, the Sixth Amendment guarantees Defendant the right to be represented by a lawyer, not an intern. A licensed supervising attorney has been present supervising the defense intern at all hearings in this cause, and in fact signed and filed the instant motion to reconsider. This attorney will remain with the Federal Defender after May 11, 2018. The continuity of Defendant's representation being thus preserved, his right to counsel is not compromised, and therefore Defendant is not prejudiced.

In sum, Defendant has failed to show any violation of his Sixth Amendment rights to a speedy trial, or to counsel. The Court finds no reason to reconsider its previous order.

Defendant's motion, **ECF No. 17**, is therefore **DENIED**.

**IT IS SO ORDERED.**

DATED February 28, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 3